·11097

## CRAFT v. AMAKER

### (115 S. E., 321) •

NEW TRIAL—RELATION OF JUROR TO HUSBAND OF PARTY TO SUIT HELD NOT A DISQUALIFICATION REQUIRING A NEW TRIAL.—That the first wife of a juror was a cousin of defendant's husband did not make the juror related to defendant, so as to make refusal of a new trial on account of disqualification of the juror error; it affirmatively appearing that the juror's wife had been dead for several years.

Before N. G. EVANS, Special Judge. Orangeburg, April, 1922. Affirmed.

Action by S. M. Craft against Maggie G. Jeffcoat, who subsequently married one Amaker. Judgment for defendant and plaintiff appeals.

*Messrs. Martin & Sturkie* and *Onan A. Hydrick,* for appellant, cite: *Disqualification of juror on account of relationship by affinity to husband of party:* 16 R. C. L., 259, Sec. 77; 57 S. C., 147. *Effect on relationship of death of one of the parties, where issue survive:* 24 Cyc., 275, Sec. C; 97 Ga., 653; 25 N. C., 532; 2 Barb. Ch. (N. Y.), 331; 61 S. W., 719; 24 Cyc., 274, note 39; 25 N. C., 532; 100 Tenn., 596; 29 Me., 531; 10 Ind., 191; 10 Grat. (51 Va.), 690; 13 R. C. L., 984; 17 Enc. Proc., 365; 61 Fla., 67. *Not material whether juror knew of disqualification:* 17 Enc. Proc., 366; 25 Fed. Cas. No. 14, 692g. *New trial should have been granted:* 90 S. C., 431.

*Messrs. Raysor, Moss & Lide* and *E. B. Friday,* for respondent, cite: *New trial where juror is disqualified:* 61 S. C., 142; 90 S. C., 430; 80 S. C., 38. *Relationship must be a subsisting one:* 57 S. C., 147; 56 Am. Dec., 299; 9 Vt., 27. *Relationship by affinity:* 16 R. C. L., 259; 49 L. R. A., 548; 79 A. L. R., 195; 2 C. J., 378; 2 Cyc., 38; 12 Ann. Cas., 513; 20 Ann. Cas., 101; 18 S. E., 315.

January 11, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This appeal is from an order refusing a new trial.

"This action was brought by plaintiff against Maggie G. Jeffcoat for actual and punitive damages. Since the commencement of this action the defendant has married Julius C. Amaker, and the title of the case was amended accordingly. The case was tried at the April, 1922, term of the Court of Common Pleas for Orangeburg County, before Hon. N. G. Evans, Special Judge, presiding, and a jury, and resulted in a verdict in favor of the defendant.

"After the verdict was rendered, counsel for plaintiff were informed that a juror, W. C. Hair, who sat on the case, was related to Julius C. Amaker, the defendant's husband, within the sixth degree. A motion was made for a new trial before the presiding Judge on the ground of the disqualification of this juror, and this motion was refused in an order hereinafter set out. Affidavits were submitted on behalf of both parties in the case, and upon these affidavits the Court considered and decided the question at issue. In his order the Judge recites the facts on which the claim of relationship was based, and these facts are admitted by both parties. It was further admitted that the children surviving Hassie Amaker Hair, the first and deceased wife of the juror, are still living. Upon the call of the case the Judge inquired of the jury if any of them were related in any way by blood or marriage to either party to the suit or to Julius C. Amaker, defendant's husband, and there was no response. It is conceded that neither the plaintiff nor any counsel engaged in the case were aware of the alleged relationship.

"The juror, W. C. Hair, in an affidavit before the Court, states: 'That, when the Court asked if any juror was related to the plaintiff or defendant, deponent did not respond for

the reason that there was no relationship to either of the
parties, or he did not so consider that he was related in any
way; that when the question was asked if any of the jurors
were related deponent knew of no relationship, and, of there
existed any degree of relationship, it did not in any way
influence the deponent in his duties as a juror.   Deponent
further says that he is in no wise related to J. C. Amaker,
who recently married the defendant, Maggie G. Amaker.' "

There is only one question in the case: Was it error not
to grant a new trial on account of the disqualification of
the juror Hair?  There was no error here.  In *Ehrhardt v.
Breeland,* 57 S. C., p. 144; 35 S. E., 538, this Court said:

"We do not consider this question properly before us,
for it does not appear that the Circuit Court has decided that
such relationship existed at the time of the trial.  The affi-
davit, if properly before the Court for consideration, did
not so state, for all that is affirmed in the affidavit is that
about seven years before the trial the Magistrate married a
niece of the defendant.  It may be that such relationship
had been dissolved by the death of the niece before the trial.
The relationship must be a subsisting one at the time of the
trial, to afford grounds for disqualification."

Here it appeared affirmatively that Mr. Hair's wife had
been dead several years before the trial.

The order appealed from is affirmed.

MR. JUSTICES WATTS, COTHRAN, AND MARION concur.

MR. CHIEF JUSTICE GARY did not sit.

MR. JUSTICE COTHRAN: I concur upon the further
ground: The juror Hair was related to Julius C. Amaker,
husband of plaintiff, by affinity only; Hair's first wife being
a cousin of Julius C. Amaker.  The plaintiff was of course
related to her husband by affinity.  But it does not follow
that she was related to Hair by affinity.  That relation ex-
tends to the blood relatives of the person related by affinity,
but not to those related by affinity to him.